. **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                              |   |                              |
|------------------------------|---|------------------------------|
| **JOHN THOMPSON,**           | : | **Case No. 1:04CV2204**      |
|                              | : |                              |
|                              | : |                              |
| **Petitioner,**              | : | **JUDGE KATHLEEN O'MALLEY**  |
|                              | : |                              |
| **v.**                       | : |                              |
|                              | : |                              |
| **MARGARET BRADSHAW, Warden**| : | **ORDER**                    |
|                              | : |                              |
|                              | : |                              |
| **Respondent.**              | : |                              |

Petitioner, John Thompson ("Thompson"), challenges the constitutionality of his conviction in the case of State v. Thompson, Case No. CR 396442 (Cuyahoga Cty. 2001). Thompson, through counsel, filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 on November 5, 2004. Under Local Rule 72.2(b)(2), the District Court referred Johnson's case to Magistrate Judge Nancy A. Vecchiarelli. After Respondent filed an *Answer/Return of Writ* (Doc. 9), and Thompson filed his *Traverse to Respondent's Return of Writ* (Doc. 12), the Magistrate Judge filed a *Report and Recommendation* ("R&R") (Doc. 7) on July 20, 2006, recommending denial of Thompson's petition. Thompson timely filed an objection to the R&R on August 4, 2006. (Doc. 18). After *de novo* review, the Court finds these objections are without merit. As such, the Court **ADOPTS** the recommendation of the Magistrate Judge and Thompson's petition is **DENIED.**

## I. BACKGROUND

### A. Indictment and Trial

In September 2000, the Cuyahoga County, Ohio Grand Jury returned an indictment charging

Thompson with three counts of rape (of a child under the age of thirteen with force) in violation of Ohio Revised Code ("R.C.") § 3907.02.  Thompson pled not guilty to the charges in the indictment, and a jury trial commenced.

At the trial, the State presented the testimony of the child-victim, the child's mother, the child's cousin, a psychiatric social worker, a physician's assistant, a nurse practitioner, a special investigator with the Cuyahoga County Department of Children and Family Services, and two Cleveland police officers.  Thompson's mother testified for the defense.  The evidence disclosed that the child-victim was Thompson's son, who was seven years old at the time of the offenses.  Although the child lived with his mother, he frequently stayed overnight at Thompson's residence.  The evidence further disclosed that Thompson sexually molested his son on three separate occasions.

The trial concluded on February 5, 2001, resulting in guilty verdicts on all counts.  On February 15, 2001, the trial court sentenced Thompson to three concurrent life sentences.  The court later determined that Thompson was automatically subject to classification as a sexual predator under R.C. § 2950.09(A).

**B. Direct Appeal**

On March 13, 2001, Thompson, represented by new counsel, filed a timely notice of appeal to the Ohio Eighth District Court of Appeals.  Thompson presented the following assignments of error:

> 1.  Thompson was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution, when his counsel failed to move to dismiss the indictment pursuant to the statutory speedy trial requirements of R. C. § 2945.71 *et seq*.

2

2.      The trial court committed plain error when it failed to dismiss the indictment
        for want of speedy trial pursuant to R. C. § 2945.71 *et seq*.

3.      Thompson was denied his right to indictment by a grand jury because counts
        one and three, of which he was convicted, described different criminal
        activity than was considered by the grand jury and charged in the indictment
        returned in the instant case.

4.      The trial court denied Thompson due process of law by failing to dismiss the
        allegation of force in count two of the indictment in light of the insufficiency
        of the evidence presented by the State.

5.      The trial court committed plain error when it permitted the State to introduce
        improper opinion testimony concerning the truthfulness of testimony.

6.      The prosecutor violated Thompson's rights under Article I, Section 10, of the
        Ohio Constitution, the Confrontation Clause of the Sixth Amendment to the
        United States Constitution, and the Due Process Clause of the Fourteenth
        Amendment to the United States Constitution, when she improperly argued
        facts not in evidence during her closing argument.

7.      Thompson's federal and state constitutional rights to confrontation of
        witnesses were denied by the admission of a large amount of inadmissible
        hearsay statements.

8.      Thompson was denied effective assistance of counsel in violation of the Sixth
        and Fourteenth Amendments to the United States Constitution and Article I,
        Section 10, of the Ohio Constitution by his counsel's ineffectiveness at trial
        for failing to object to the introduction of improper opinion testimony as in
        the fifth error, by failing to object to the prosecution arguing matters not in
        evidence as in the sixth error, and failing to object to a plethora of
        inadmissable hearsay as in the seventh error.

9.      The verdicts were against the manifest weight of the evidence.

(See Doc. 9, Ex. 6).

On October 31, 2002, the Ohio Eighth District Court of Appeals overruled Thompson's first through sixth, eighth and ninth assignments of error. The court also disregarded Thompson's seventh assignment of error for his failure to identify specific instances of inadmissible hearsay. Accordingly, the court of appeals affirmed the trial court's judgment. On November 12, 2002, Thomson filed a motion to the court of appeals to reconsider its decision overruling his first, second, and seventh assignments of error. The court denied Thompson's motion to reconsider on November 19, 2002.

On January 3, 2003, Thompson, represented by a different Cuyahoga County public defender than on direct appeal (his third attorney), timely appealed his conviction to the Supreme Court of Ohio. On April 3, 2003, the Supreme Court of Ohio denied Thompson's leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Subsequently, Thompson filed a motion for reconsideration, but the Supreme Court of Ohio denied the motion on May 16, 2003.

### C. Application to Reopen

On February 13, 2003, Thompson filed an application in the Eighth District Court of Appeals to reopen his appeal as to one assignment of error pursuant to Ohio App. R. 26(B). Thompson argued that his appellate counsel was ineffective for improperly arguing the assignment of error on hearsay. On August 14, 2003, the court of appeals denied his application on the basis of *res judicata*. Thompson appealed this decision to the Supreme Court of Ohio on September 29, 2003. In his memorandum in support of jurisdiction, Thompson presented the following propositions of law:

4

1.     The doctrine of *res judicata* does not bar a App. R. 26(B) application to reopen an appeal when the alleged ineffective assistance of appellate counsel was not raised as part of the initial direct appeal to the Supreme Court of Ohio.

2.     When the appellant demonstrates that appellate counsel's failure to follow the rules of appellate procedure resulted in the appellate court declining to review assigned error, appellant has raised a "genuine issue" as to whether the appellant was denied the effective assistance of appellate counsel in violation of the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and thus is entitled to the reopening of his appeal.

On November 26, 2003, the Supreme Court of Ohio dismissed Thompson's appeal as not involving any substantial constitutional question.

### D. Petition to Vacate and Set Aside Judgment

While Thompson's direct appeal was pending in the court of appeals, he filed a petition to vacate and set aside judgment on October 22, 2001 in the state trial court.  On June 21, 2002, the trial court denied his petition for failure to submit necessary documentation for review.  Thompson appealed the trial court's decision to the court of appeals, and the court of appeals affirmed the lower court's decision on January 6, 2003.  On January 27, 2003, Thompson appealed to the Supreme Court of Ohio.  On November 26, 2003, the Supreme Court of Ohio denied leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

### E. Federal Habeas Petition

On November 5, 2004, Thompson petitioned this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts the following five grounds for relief:

**GROUND ONE:** Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

5

**Supporting Facts:** Trial counsel failed to move to dismiss the indictment against Thompson when the State violated his statutory right to a speedy trial. Additionally, trial counsel failed to object to inadmissible evidence, failed to object to the prosecutor arguing facts not in evidence and failed to request a jury instruction for a lesser-included offense.

**GROUND TWO:** Petitioner was denied due process of law when the State denied him his right to indictment in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

**Supporting Facts:** The indictment returned against Thompson alleged three offenses that occurred on or about July 23, 2000. At trial, the State introduced evidence of three offenses that allegedly occurred on three separate days in July and August of 2000. Consequently, the State did not try Thompson on the same essential facts upon which the grand jury found probable cause, in violation of his state and constitutional rights.

**GROUND THREE:** Petitioner was denied his right to confrontation.

**Supporting Facts:** The trial court admitted hearsay in witness testimony and in documents that Thompson could not cross-examine. Additionally, the prosecutor argued facts during rebuttal closing argument that had not been introduced during the trial.

**GROUND FOUR:** Petitioner was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

**Supporting Facts:** Appellate Counsel did not follow Ohio's appellate rules of procedure in Thompson's direct appeal of right and thereby forfeited review of reversible error by the trial court.

**GROUND FIVE:** Petitioner was denied due process of law due to prosecutorial misconduct.

**Supporting Facts:** During closing argument, the prosecutor argued that the jury should believe the victim's story by discussing facts that the prosecutor did not introduce during trial.

6

(Doc. 1).

On July 20, 2006, Magistrate Judge Vecchiarelli issued a R&R addressing all five grounds. The Magistrate Judge determined that Thompson had procedurally defaulted the claims he presented in grounds three, four, and five. As to the first and second grounds for relief, Magistrate Vecchiarelli reviewed the merits of the claims presented and recommended dismissal. The Magistrate also found that ground four of Thompson's petition lacked merit. Thompson raised three primary objections to the Magistrate Judge's R&R. First, Thompson asserts that trial counsel's failure to move to dismiss on speedy trial grounds denied Thompson effective assistance of counsel. Next, Thompson argues that the procedure employed at trial denied Thompson his right to indictment. Finally, Thompson contends that he established cause for those claims that were procedurally defaulted and, thus, that the default should be excused. Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

## II. PETITIONER'S GROUNDS THREE, FOUR, AND FIVE ARE PROCEDURALLY DEFAULTED

### A. Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent unnecessary friction between the state and federal courts, a defendant in state court with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. See

7

Anderson v. Harless, 459 U.S. 4, 6 (1982).  A defendant must present a constitutional claim for relief to the state's highest court in order to satisfy the fair presentation requirement.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  If a petitioner fails to satisfy the fair presentation requirement, he may have waived the unraised claims for purposes of federal habeas corpus review.  See Weaver v. Foltz, 888 F.2d 1097, 1099 (6th Cir. 1989).

Federal courts may not consider, "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." Wainright v. Sykes, 433 U.S. 72, 87 (1977).  If a petitioner fails to fairly present his federal constitutional claims to the state court in the manner required by state procedural law, and if no avenue of relief remains open or if it would otherwise be futile for the petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. See O'Sullivan, 526 U.S. at 847-48.  The Sixth Circuit applies a four-part test to determine if a petitioner has procedurally defaulted a claim:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a petitioner has not complied with a state procedural rule and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).

8

In determining whether a state court rested its holding on procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000). A federal habeas court normally will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement that its judgment rests on such a procedural bar. Harris v. Reed, 489 U.S. 255, 261 (1989). No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. Id. at 263, n.9. See also Teague v. Lane, 489 U.S. 288, 297-98 (1989) (plurality opinion) ("The rule announced in Harris v. Reed assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted, "if it is clear that the state court would hold the claim procedurally defaulted." Harris, 489 U.S. at 263, n.9. As for what constitutes an "adequate and independent state ground," a procedural rule is adequate if the state court regularly and consistently applies the rule, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

If a petitioner can no longer present his claims to a state court because of procedural default, he has waived the claims unless he can demonstrate cause for the default and actual prejudice resulting from the alleged constitutional errors, or show that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" occurs only in the, "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986). In order to be credible, such a claim, "requires petitioner to support

9

his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "Manifest injustice" review by a state court of a defaulted claim does not constitute waiver of the default. Scott v. Mitchell, 209 F.3d 854, 868 (6th Cir. 2000). See also Seymour v. Walker, 224 F.3d 542, 557 (6th Cir. 2000) ("plain error review does not constitute a waiver of state procedural default rules.").

**B. Grounds Three and Five: Confrontation Clause Violations and Prosecutorial Misconduct are Procedurally Defaulted**

Ground three of Thompson's petition for relief alleges that the trial process denied Thompson his constitutional right to confrontation because: (1) the trial court admitted hearsay through testimony and documents; and (2) the State argued facts during its rebuttal closing argument that were not introduced during trial. Alternatively, Thompson alleges in ground five that the State's introduction of facts not introduced at trial during rebuttal closing argument constituted prosecutorial misconduct. The Magistrate Judge found that Thompson procedurally defaulted grounds three and five because his trial counsel failed to object to the alleged hearsay and the prosecutor's closing argument. After independently reviewing the record and applying the four-part test in Maupin, the Court agrees.

The first prong of the Maupin analysis asks whether a petitioner complied with an applicable procedural rule, and the second prong asks whether the state court enforced the procedural sanction. Here, Thompson's trial counsel failed to object to the alleged hearsay and the prosecutor's closing argument. Under Ohio's contemporaneous objection rule, a party can preserve an issue for appellate review only if the party makes an objection at trial. State v. Powers, 667 N.E.2d 32, 34 (Ohio App.

10

1995).  As discussed above, the Eighth District Court of Appeals determined that, because Thompson's trial counsel failed to object at trial, his claims regarding the prosecutor's comments were not reviewable on the merits and were subject only to a plain error analysis.  The second part of the Maupin test, therefore, is also satisfied.

The third Maupin prong asks whether Ohio's contemporaneous objection rule is an "adequate and independent" state ground which forecloses federal review.  This prong is established if the state court applies the rule regularly and consistently, Johnson, 486 U.S. at 587, and if the rule does not depend on a federal constitutional ruling, Ake, 470 U.S. at 75.  The Sixth Circuit has previously held that, in Ohio, a state court's dismissal of a claim because counsel failed to lodge a timely objection is an "adequate and independent" ground on which the State can rely to foreclose review of a federal constitutional claim.  Scott v. Mitchell, 209 F.3d 854, 869 (6th Cir. 2000).  Thus, the first three Maupin factors are satisfied.

With respect to the final Maupin factor, Thompson attempted to show cause for the procedural default regarding the prosecutor's comments during closing argument by alleging that his trial counsel was ineffective for failing to object.[1]  The Magistrate concluded, however, that Thompson did not satisfy the test for ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Thompson objects to the Magistrate's conclusion that he failed to establish cause for the procedural default, but as explained in Section III.A., his objection fails to

_____

[1] Here, a valid ineffective assistance of trial counsel claim would excuse the procedural default on both ground five of Thompson's petition (prosecutorial misconduct) and his second assignment of error under ground three (confrontation clause), because they share the same operative facts, i.e., the State introduced facts during rebuttal closing argument that were not introduced during trial.

persuade the Court.  Thompson also attempted to show cause for why he procedurally defaulted his hearsay claims by alleging that his appellate counsel failed to identify the specific statements on direct appeal to the Eighth District Court of Appeals that were the basis of the argument.  The Magistrate concluded that this attempt to show cause also failed.  Thompson objects to the Magistrate's finding, but, as discussed below in Section II.B. and III.C., the Court finds that this objection is without merit.

The Court, therefore, agrees with the Magistrate Judge's recommendation that Thompson procedurally defaulted grounds three and five.

### C. Ground Four: Ineffective Assistance of Appellate Counsel is Procedurally Defaulted

Ground four of Thompson's petition for habeas relief alleges that his appellate counsel was ineffective for failing to follow Ohio's appellate rules of procedure in Thompson's direct appeal and therefore forfeited review of reversible error by the trial court.  The Court agrees with the Magistrate Judge's conclusion that Thompson also procedurally defaulted this ineffective assistance of appellate counsel claim.

On direct appeal, Thompson's counsel raised an assignment of error alleging that the trial court allowed the presentation of inadmissable hearsay through testimony and exhibits.  The Eighth District Court of Appeals disregarded this claim pursuant to a state procedural rule (App. R. 12(A)(2)), because Thompson's counsel did not identify the specific statements he claimed were hearsay.  Thompson filed a motion for reconsideration under App. R. 26(A) as to the assignment of error regarding hearsay, in which he argued that he had sufficiently identified the inadmissible hearsay and exhibits for the court of appeals to review the merits.  The court of appeals denied

12

Thompson's motion for reconsideration.  Thompson, represented by new appellate counsel, appealed his conviction to the Supreme Court of Ohio, but he did not claim ineffective assistance of appellate counsel based on prior counsel's failure to identify the hearsay statements.  The Supreme Court of Ohio declined jurisdiction.

Thompson then filed an application to reopen his appeal in the Eighth District Court of Appeals based on ineffective assistance of appellate counsel pursuant to App. R. 26(B).  The court of appeals, however, dismissed Thompson's 26(B) application based on *res judicata*, because (1) Thompson's argument was essentially the same argument he raised in his unsuccessful motion for reconsideration, and (2) Thompson should have raised the ineffective assistance of appellate counsel claim in the Supreme Court of Ohio on direct appeal.  The court of appeals also dismissed his 26(B) application on the merits as an alternative holding, finding that Thompson's appellate counsel did not deprive him of effective assistance.[2]

The Court agrees with the Magistrate Judge's finding that, under <u>Maupin</u>, Thompson procedurally defaulted his ineffective assistance of appellate counsel claim.  First, Thompson failed to raise his ineffective assistance of appellate counsel claim with the Supreme Court of Ohio on direct appeal.  In Ohio, claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or on direct appeal to the Supreme Court pursuant to Article IV, Section 2(B)(2)(a)(iii), of the Ohio Constitution.  <u>State v. Murnahan</u>, 584

---

[2] The court of appeals' alternative holding has no effect on its enforcement of the procedural bar.  <u>See</u> <u>Bowling v. Parker</u>, 344 F.3d 487, 498 (6th Cir. 2003) (finding that the court may actually enforce its procedural sanction and still review the merits of the case, as long as the court considers the decision on the merits an alternative holding).  <u>See</u> also <u>Harris</u>, 489 U.S. at 264, n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding") (emphasis in original).

N.E.2d 1204, 1208 (Ohio 1992).  Since the petitioner could have raised the issue of ineffective assistance of appellate counsel on direct appeal to the Supreme Court of Ohio, but did not, *res judicata* barred any further litigation of the claim.

Thompson correctly asserted in his traverse that, "the Ohio Supreme Court has long recognized that counsel can not realistically be expected to raise his or her own ineffectiveness as an advocate for the defendant." (Doc. 12 at 13).  See State v. Lentz, 639 N.E.2d 784 (Ohio 1994).  The record indicates, however, that Thompson had *new* appellate counsel on appeal to the Supreme Court of Ohio, but failed to raise the issue of ineffectiveness at that time.  See State v. Cole, 443 N.E.2d 169 (Ohio 1982) (holding that *res judicata* is a proper basis for dismissing a defendant's petition for postconviction relief where the defendant, represented by new counsel on direct appeal, failed to raise the issue of competent trial counsel).

Under the second Maupin prong, the Eighth District Court of Appeals actually enforced the state procedural bar to any further consideration of this claim when it denied Thompson's application to reopen his direct appeal pursuant to Rule 26(B) on the basis of *res judicata*.  The Supreme Court of Ohio subsequently summarily dismissed Thompson's appeal without comment as not involving any substantial constitutional question.  Therefore, the Court must presume that the Supreme Court of Ohio relied on the procedural default expressly relied upon by the court of appeals.  See Harris, 489 U.S. at 261 (1989).  See also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("[w]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Third, the procedural bar of *res judicata* is an "adequate and independent" state ground upon

14

which the state can rely to foreclose review of petitioner's ineffective assistance of appellate counsel claim.  "[T]he Supreme Court of Ohio has repeatedly ruled that even having the ability to raise the issue of ineffective assistance of appellate counsel in the supreme court may properly invoke *res judicata* to bar an App. R. 26(B) application."  State v. Krzywkowski, 2003 Ohio 3209, 2003 Ohio App. LEXIS 2862, at *4-*5 (Cuyahoga Cty. App. 2003) (citing State v. Terrell, 648 N.E.2d 1353 (Ohio 1995); State v. Colombo, 652 N.E.2d 987 (Ohio 1995); State v. Hill, 667 N.E.2d 337 (Ohio 1997); State v. Gillard, 708 N.E.2d 708 (Ohio 1999)).  See also State v. Hitton, 797 N.E.2d 948, 956 (Ohio 2003); State v. Cooey, 792 N.E.2d 720, 721 (Ohio 2003).

In his objection to the Magistrate's R&R, Thompson contends that the Ohio courts do not regularly and consistently apply the *res judicata* bar to 26(B) applications to reopen, and it is therefore not an "adequate and independent" state ground as required by the third prong of the Maupin test.  In support of his proposition of inconsistency, Thompson cites one case from Butler County and two cases from Lucas County, which he contends serve as examples of situations in which, by inference, Ohio appellate courts have declined to bar applications to reopen on *res judicata* grounds.  This Court does not find Thompson's argument persuasive.

First, the Sixth Circuit has found Ohio's doctrine of *res judicata* to be an "adequate and independent" state ground upon which the state can rely to foreclose review of a federal constitutional claim.  Williams v. Bagley, 380 F.3d 932, 967 (6th Cir. 2004); Coleman v. Mitchell, 268 F.3d 417, 429 (6th Cir. 2001); Byrd v. Collins, 209 F.3d 486, 521-22 (6th Cir. 2000), cert. denied, 531 U.S. 1082 (2001).  Second, the Supreme Court has indicated that a court need not apply a procedural rule in every applicable case.  Dugger v. Adams, 489 U.S. 401, 410 (1989).  Rather, the Dugger Court found that a procedural rule is sufficient if courts apply the rule "in the vast majority

15

of cases." Id.

The case law Thompson cites is unpersuasive, moreover.  In State v. Prom, 2003 Ohio 6543, 2003 Ohio App. LEXIS 5827 (Butler Cty. App. 2003), and State v. Comer, 2001 Ohio App. LEXIS 335 (Lucas Cty. App. 2001), it is not clear whether *res judicata* was even an available defense to the petitioner's application to reopen.  If it was an available defense, however, the State presumably failed to raise it.  See Byrd v. Collins, 209 F.3d 486, 521 (6th Cir. 2000) (relying on the State's failure to raise *res judicata* as a defense to dismiss the petitioner's reliance on State v. Decker, 502 N.E.2d 647 (Ohio 1986), as proof that Ohio courts do not consistently apply the *res judicata* bar).  A reviewing court need not engage in a *sua sponte* analysis of procedural default where the respondent declined to raise the issue.  "[P]rocedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter."  Trest v. Cain, 522 U.S. 87, 89 (1997) (internal quotation marks and citations omitted).

In State v. Goodell, 2004 Ohio 2676, 2004 Ohio App. LEXIS 2382 (Lucas Cty. App. 2004), the State actually did request that the appellate court apply the *res judicata* procedural bar to the petitioner's 26(B) application, because the petitioner had failed to appeal his ineffective assistance of appellate counsel claim to the Supreme Court of Ohio.  The Sixth District Court of Appeals, however, overruled the State's objection *sub silencio* when it granted the petitioner's motion to reopen.  Goodell is distinguishable from the case at bar, though, because it is unclear whether the petitioner in Goodell obtained new appellate counsel in time to raise ineffective assistance of appellate counsel to the Supreme Court of Ohio.  Even if the petitioner did have new appellate counsel, this Court finds that one case outside of the Eighth Appellate District in which a reviewing court declined to apply the *res judicata* procedural bar is insufficient to demonstrate that the bar is

not an "adequate and independent" state ground under the third prong of the <u>Maupin</u> analysis.

In an attempt to overcome the Magistrate Judge's finding that he did not satisfy the fourth prong by showing cause, Thompson objects to the Magistrate Judge's conclusion that he had new counsel on direct appeal to the Supreme Court of Ohio, and, therefore could have raised the ineffective assistance of appellate counsel in that appeal.  The record, however, indicates that Thompson did have a different attorney on direct appeal to the Ohio Supreme Court than he had on direct appeal to the Eighth District Court of Appeals, even though the two attorneys were both from the same Cuyahoga County public defender's office.  Thompson contends that his second appellate counsel simply promoted the same argument to the Supreme Court of Ohio regarding the defaulted hearsay claim that his first appellate counsel had asserted on appeal to the intermediate appellate court.  According to Thompson, because his second appellate counsel did not acknowledge his colleague's failure to follow the applicable appellate rule, he did not truly have a <u>new</u> advocate when he filed his notice of appeal to the Supreme Court of Ohio.

The Supreme Court of Ohio, however, has held that:

> when a criminal defendant is represented by two different attorneys from the same public defender's office at trial and on direct appeal, *res judicata* bars a claim of ineffective assistance of trial counsel raised for the first time in a petition for postconviction relief when such claim could have been made on direct appeal without resort to evidence beyond the record, unless the defendant proves that an actual conflict of interest enjoined appellate counsel from raising a claim of ineffective assistance of trial counsel on direct appeal.

<u>State v. Lentz</u>, 639 N.E.2d 784, 785 (Ohio 1994).

The Court finds that the situation described in <u>Lentz</u> (where a defendant had different counsel from the same public defender's office at trial and on direct appeal) is analogous to the situation here

17

(where Thompson had different counsel from the same public defender's office on appeal to the intermediate court and appeal to the supreme court).  Thompson has made no attempt to prove that an actual conflict of interest prevented his new counsel from raising the ineffective assistance of the original appellate counsel.  As such, the Court finds Thompson's objection unpersuasive.

Other than Thompson's claim that he did not truly have a new advocate on direct appeal to the Supreme Court of Ohio, Thompson does not attempt to demonstrate that there was cause for his failure to follow the procedural rule, or that he was prejudiced by the alleged ineffective assistance of appellate counsel.  As such, the Court agrees with the Magistrate Judge's conclusion that ground four of his petition is procedurally defaulted.  It is therefore unnecessary to address Thompson's second objection to the Magistrate Judge's R&R, in which he argues that the Eighth District Court of Appeals was "patently wrong" to conclude that *res judicata* also applied because Thompson raised virtually the same argument on his motion for reconsideration made pursuant to Ohio Appellate Rule 26(A) as he did in his 26(B) application to reopen.

## III. PETITIONER'S ASSERTED GROUNDS ONE, TWO, AND FOUR ARE BARRED ON THE MERITS

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions.  Under the AEDPA, federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination

18

of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

See also Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in Williams

v. Taylor, 529 U.S. 362 (2000).  Under the "contrary to" clause, "a federal court must find a violation

of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time

of the relevant state court decision."  Miller, 269 F.3d at 614 (internal quotations omitted) (quoting

Williams, 529 U.S. at 412).  Meanwhile, "under the 'unreasonable application' clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

case."  Williams at 413.  The Sixth Circuit holds that, even if a federal court could determine that

a state court incorrectly applied federal law, the court still could not grant relief unless it also finds

that the state court ruling was unreasonable.  Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000).

A violation of state law is not cognizable in federal habeas courts unless such error amounts

to a fundamental miscarriage of justice or a violation of the right to due process in violation of the

United States Constitution.  Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir), cert. denied, 525 U.S.

1025 (1998).  It is the obligation of the Court to accept as valid a state court's interpretation of the

statutes and rules of practice of that state.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Furthermore, the factual findings of a state court are presumed to be correct.  A federal court

may only diverge from a state court's factual findings if the Petitioner shows by clear and convincing

evidence that the findings of fact are erroneous.  See 28 U.S.C. § 2254(e)(1).

**B. Ground One: Ineffective Assistance of Trial Counsel**

19

In his first ground for relief, Thompson claims that trial counsel provided ineffective assistance because counsel failed to: (1) move to dismiss the indictment against him for violation of his speedy trial rights; (2) object to inadmissible hearsay or to the prosecutor's statements in closing arguments; and (4) request a jury instruction for a lesser offense.

To prevail on an ineffective assistance of trial counsel claim, Thompson must establish that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the counsel's deficiency, the outcome of the proceedings would have been different. Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "The objective standard of reasonableness is a highly deferential one and includes 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003) (quoting Strickland, 466 U.S. at 689). The Supreme Court has defined a "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

### 1. Failure to Move to Dismiss Indictment

Thompson claims that his trial counsel was ineffective because counsel failed to move to dismiss the indictment against him for violation of his speedy trial rights. The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. Klopfer v. N. Carolina, 386 U.S. 213, 222-23 (1967). Section 10, Article I, of the Ohio Constitution also provides an accused party the right to a speedy public trial. See State v. Ladd, 383 N.E.2d 579, 581 (Ohio 1978). R.C. 2945.71 sets forth the time limits for bringing an accused to trial in Ohio.

20

Speedy trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), the State must discharge any person not brought to trial within the relevant time constraints. Furthermore, R.C. 2945.72(D) bars the State from bringing any further criminal proceedings against the discharged person based on the same conduct. The State must bring a defendant charged with a felony to trial within 270 days after his arrest. R.C. 2945.71(C)(2). If the State holds a defendant in jail in lieu of bail, then each day of custody counts as three days. R.C. 2945.71(E). This "triple count" provision, however, only applies when the State is holding the defendant in jail solely on the pending charge. State v. McDonald, 357 N.E.2d 40, 43 (Ohio 1976). Therefore, the triple count provision does not apply when the State is holding a defendant pursuant to other charges. Id. Nor does it apply when the State is holding the accused on a parole or probation violation holder. State v. Brown, 597 N.E.2d 97, 99 (Ohio 1992) (parole violation holder); State v. Martin, 383 N.E.2d 585, 587 (Ohio 1978) (probation violation holder).

In the instant case, the police arrested Thompson on September 11, 2000, and his trial began on January 30, 2001. Thompson claims that the State should have brought him to trial within 90 days of his arrest, because he had been in jail in lieu of bail since his arrest and those 141 days of incarceration between his arrest and trial violated the speedy trial act. The Eighth District Court of Appeals rejected Thompson's claim of ineffective assistance of trial counsel, because there was no evidence in the record showing the date of Thompson's arrest or whether the triple count provision should apply. When Thompson raised the issue for a second time on appeal in a motion to vacate or set aside judgment, the Eighth District Court of Appeals held that Thompson "failed to meet 'his initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'"

21

State v. Thompson, 2002 Ohio 6845, 2002 Ohio App. LEXIS 6632, *2 (Cuyahoga Cty. App. 2002) (quoting State v. Calhoun, 714 N.E.2d 905, 910 (Ohio 1999)).  The court noted that the only evidence Thompson had submitted was a transcript from a community control violation hearing on October 23, 2000 and a copy of the docket from the case.

The Magistrate Judge found that, "Thompson has not demonstrated that the [c]ourt of [a]ppeals' decisions are contrary to or an unreasonable application of clearly established federal law because he has not shown that his counsel's actions were either deficient or prejudicial."  (Doc. 7 at 14).  The Magistrate further found that the State had actually produced contrary evidence demonstrating that the State was holding Thompson on a valid probation holder for community control violations from October 10, 2000 through February 12, 2001.  (Doc. 16, Ex. 34).  Thus, each day Thompson spent in jail from October 11, 2000 to January 30, 2001 counted as one day in jail, or 112 days.  Only the days Thompson spent in jail from September 11, 2000 through October 10, 2000 counted as three days under the triple count provision (29 days x 3 = 87 days).  The total - 199 days (87 days + 112 days) - was within the 270 day maximum.

Thompson objects to the Magistrate's conclusion that the record demonstrates the State was holding him pending trial on a probation holder and thus the state court's disposition of this claim was reasonable.  At the October 23, 2000 community control violation hearing, the trial court judge made the following ruling concerning the status of the probation violation charge after learning of the pending rape charges against Thompson:

> I don't want to go any further because the [rape] case is pending.  We will postpone the probation violation hearing until if and when there is a conviction [on the rape charges]. [Thompson] is remanded to county jail pending the rape charge.

(Doc. 10, Ex. 24A).  As stated above, Ohio case law is clear that the "triple count" provision would only apply in Thompson's case if the State was holding him *solely* on the pending rape charge.  See McDonald, 357 N.E.2d at 43.  Here, the State was not holding Thompson solely on the rape charge, but also on a valid probation holder.  Therefore, the Court agrees with the Magistrate's finding that Thompson's attorney had no reason to move to dismiss the case under a speedy trial violation.  As such, Thompson did not show either that his counsel's performance was deficient, and the Court need not address whether counsel's failure to file a motion to dismiss resulted in prejudice.

### 2. Failure to Object to Hearsay and Prosecutor's Closing Argument

Thompson also claimed his trial counsel was ineffective for failing to object to inadmissable hearsay given by a nurse practitioner and a detective and the prosecutor's closing argument.  As for the hearsay, the nurse practitioner testified that she found the child victim's disclosures to her "compelling" due to the detail of the child's accounts, the consistency of the details, and the child's ability to differentiate the incidents.  (Tr. at 464-69).  In reviewing Thompson's claim regarding the nurse's testimony for plain error, the Eighth District Court of Appeals found that the nurse's testimony did not constitute an opinion as to the child's truthfulness, but instead specified the factors in the child's statement indicative of truthfulness, *i.e.,* the child's ability to give the details.

As for the detective, he testified as to his interview with the victim:

> I found him to be engaging.  I have a lot of experience interviewing young children because that's what I do.  *I found him to be truthful.*  There was even a time when he was playing with my shoe strings on my shoes and pulling the laces untied and we talked for awhile.  I asked him some questions and he gave me some answers.

Id. at 528 (emphasis added).  In their review for plain error, the court of appeals found that this single

23

statement in a general narrative response to a general question did not affect Thompson's substantial rights.  The court reasoned that the detective was not testifying as an expert and did not opine as to the child's credibility with respect to the specific allegations against Thompson.  Further, the court noted that the child testified in the case and the jurors could assess the child's credibility for themselves.

Thompson also claims that, during closing arguments, the prosecutor vouched for the child's credibility by using facts not in the record.  The prosecutor stated:

> I think you know why it's also important to bring to your attention that when [the child] saw [the nurse] on the 16th, there was no involvement by our office.  When he told her what happened on the 16th, and in fact when he told the [detective] what happened when [the detective] interviewed him, Miss Snow and I weren't already working on this case.  We weren't, we weren't doing that.

> Why is that significant?  It's significant because after all of that happened and after the grand jury brought charges is when we first got involved and talked with [the child] and decided to go forward with this case.

Id. at 636-37.

The court of appeals found the prosecutor's brief reference to an extrajudicial fact, *i.e.,* that the prosecutor's office was not involved with the case at the time the child made the statements, was a justifiable reply to the defense's argument that the State may have engineered the charges against Thompson or that the State may have prompted the child to falsely accuse his father of these crimes.  The court of appeals concluded that this isolated reference did not prejudice Thompson.

The court of appeals also found that the outcome of the trial would not have been different if counsel objected to either the prosecutor's closing argument or the alleged opinion testimony

24

regarding the child's truthfulness.[3]  Therefore, the court dismissed Thompson's claim of ineffective assistance of trial counsel for failure to object to these instances.  The Magistrate Judge found that the court of appeals' decision was an objectively reasonable application of Strickland, because the totality of the evidence supported the jury's verdict.  See Keller v. Bagley, 81 Fed. Appx. 527, 530 (6th Cir. 2003) (unpublished) (finding that the defendant could not establish prejudice for his ineffective counsel claim because the totality of the evidence before the jury amply supported its verdict, even though the evidence of guilt was not overwhelming).

Thompson does not object to the Magistrate Judge's conclusion that the court of appeals' application of Strickland was objectively reasonable.  After reviewing the Magistrate's R&R and all other relevant documents, the Court finds that the record and the controlling case law fully support the Magistrate Judge's conclusions.  As such, the Court dismisses Thompson's ineffective assistance of trial counsel for failure to object claim.

### 3. Failure to Request a Jury Instruction for Lesser-Included Offense

Thompson also claimed that his trial counsel was ineffective for failing to request a jury instruction for a lesser-included offense.  The Magistrate Judge found that this claim was conclusory and unsupported by specific facts and therefore not appropriate for review.  See Workman v. Bell, 160 F.3d 276, 287 (6th Cir. 1998) (finding that conclusory allegations, without evidentiary support, do not provide a basis for habeas relief).  Thompson does not object to the Magistrate's finding. After a review of the record, the Court reaches the same conclusion as the Magistrate Judge.  As

---

[3] The court of appeals further found that Thompson failed to show that counsel's performance was deficient with regard to the failure to identify the specific hearsay statements that precluded review by the court of appeals.

such, the Court dismisses Thompson's ineffective assistance of counsel for failure to request a jury instruction for a lesser-included offense claim.

### C. Ground Two: Denial of Right to Indictment

In ground two of Thompson's habeas petition, he alleges that the State denied him his right to an indictment. The indictment alleged that the three rape offenses occurred in July 2000. The bill of particulars alleged the three offenses occurred "on or about" July 23, 2000 to July 24, 2000. (Doc. 11, Ex. 8, p. 2). The evidence at trial, however, showed that the first offense occurred before July 14, 2000, the second offense occurred July 23-24, 2000, and the third offense occurred on August 5, 2000. Id. at 7-8. Thompson claims that the State did not try him on the same essential facts upon which the grand jury found probable cause.

The Eighth District Court of Appeals relied solely on state law in finding that the indictment and the bill of particulars were sufficient even though they did not identify the specific dates on which the offenses allegedly occurred. As the court of appeals based its decision on state law, the Magistrate Judge deferred to the state court's decision and reviewed Thompson's claim for a denial of due process. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (finding that a federal habeas corpus court may review neither a violation of state law nor a state court's decision applying purely state law, but such a claim serves as the basis for habeas corpus relief when the trial process denies the petitioner fundamental fairness). See also Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001) (finding that principles of comity require federal courts to defer to a state court's judgment on issues of state law).

The Due Process Clause of the Fourteenth Amendment mandates that whatever charging

26

method a state employs, it must give the defendant fair notice of the charges against him to permit adequate preparation of his defense.  See Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984) (citing In Re Ruffalo, 390 U.S. 544 (1968)).  See also Lucas v. O'Dea, 179 F.3d 412, 417 (6th Cir. 1999) (finding that the federal guarantee of charge by indictment does not apply to the state at all, but a state prisoner petitioning for habeas corpus relief has a due process right that the state must inform him of the nature of the accusation against him).

In reviewing Thompson's claim for a due process violation, the Magistrate Judge found that the State had provided Thompson with sufficient notice of the charges against him.  See Madden v. Tate, 830 F.2d 194, 1987 U.S. App. LEXIS 12930, *8 (6th Cir. 1987) (unpublished) ("[f]ailure to specify the precise dates upon which the alleged crimes occurred does not deprive the defendant of his constitutional right to due process where time is not of the essence of the offense and where the dates used are not picked arbitrarily.").  The indictment charged Thompson with three counts of rape with a child under thirteen by force.  The State introduced evidence of three separate offenses.  Thompson has not established that the precise date was material to his defense or interfered with his ability to defend himself.  As such, the Magistrate found that, despite the lack of the specific dates in the indictment, the trial process did not deprive Thompson of due process.

In his objections to the Magistrate Judge's R&R, Thompson objects to the Magistrate's finding that Thompson received fair notice of the charges against him, and that he could not establish that the precise date of the alleged offense was material or interfered his defense.  Thompson, however, does not provide any support for his objection to the Magistrate's R&R, except to refer to his original argument in his traverse.  After reviewing the Magistrate's R&R and all other relevant documents, including Thompson's traverse, the Court reaches the same conclusion as the Magistrate

27

and finds that the trial process did not deprive Thompson of due process.  The Court therefore dismisses ground two of Thompson habeas corpus petition.

### D. Ground Four: Ineffective Assistance of Appellate Counsel

As set forth in Section II.A., *supra*, Thompson procedurally defaulted his claims under ground three of his petition concerning the admission of certain documents and testimony allegedly constituting hearsay, because his appellate counsel failed to identify the specific statements to the Eighth District Court of Appeals that were the basis of the argument.  In an attempt to show cause for the procedural default, Thompson asserted ineffective assistance of appellate counsel.  As explained in Section II.B., *supra*, this Court finds that Thompson procedurally defaulted his claim under ground four that his appellate counsel was ineffective.  In addition to finding that Thompson had procedurally defaulted ground four of his petition, however, this Court also finds that Thompson's ground four claim is without merit.

Thompson asserts that his appellate counsel was ineffective because counsel failed to properly argue Thompson's hearsay claim on direct appeal to the Eighth District Court of Appeals.  Specifically, Thompson's appellate counsel failed to specify the statements at issue, which caused the court of appeals to refuse to address Thompson's hearsay claim on the merits.  On Thompson's 26(B) application to reopen, the court of appeals found that *res judicata* barred Thompson's ineffective assistance of appellate counsel claim, but alternatively reviewed the claim on the merits and held that Thompson failed to show that his appellate counsel's actions prejudiced him.  In both his traverse and his objections to the Magistrate Judge's R&R, Thompson argues that he was not required to show prejudice in his 26(B) application by establishing he would have prevailed on his

28

assignment of error, because Rule 26(B) provides only that, "reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Ohio Appellate Rule 26(B)(5).  Therefore, Thompson contends, he only needed to show a "genuine issue" as to whether his appellate counsel was ineffective.  Thompson reasons that prejudice is apparent on the face of the record, because his counsel's alleged deficiency precluded appellate review of his confrontation clause claim on the merits.

The Sixth Circuit applies the same two-prong Strickland test in reviewing an ineffective assistance of appellate counsel claim as it does in reviewing an ineffective assistance of trial counsel claim.  See Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (applying the Strickland test to petitioner's claim of ineffective assistance of appellate counsel for failing to raise an assignment of error on direct appeal).  In order for Thompson to establish his ineffective assistance of appellate counsel claim, he must demonstrate: (1) that his attorney on direct appeal made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) that his attorney's deficient performance prejudiced the defense by undermining the reliability of the appeal result.  See Strickland, 466 U.S. at 687.

Under the first prong of the Strickland test, Thompson must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case.  Id. at 688.  To satisfy the "prejudice" prong of the Strickland test, Thompson must demonstrate that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different.  Id. at 694.  A showing by Thompson that the alleged deficiency had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard.  Id. at 693.  Thompson, however, has met his burden if he shows that the

decision reached would "reasonably likely have been different absent the errors." Id. at 695.  See also Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003); McMeans v. Brigano, 228 F.3d 674, 682 (6th Cir. 2000).  The Court need not examine whether Thompson's counsel was deficient before addressing whether counsel's alleged deficiency prejudiced Thompson.  The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground.  Strickland at 697.

Thompson's argument on habeas corpus review - that he does not need to establish that he would have prevailed on his assignment of error in order to show prejudice under Strickland - is no different than his argument to the Eighth District Court of Appeals on his 26(B) application to reopen.  In reviewing Thompson's ineffective assistance of appellate counsel on the merits, the Eighth District Court of Appeals stated:

> Alternatively, in order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  To establish prejudice the applicant must show that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different.  A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

> Thompson has failed to establish prejudice.  Although he cleverly argues that this court's ruling that the appellate counsel's failure to specify the hearsay precluded review, ipso facto establishes a claim of ineffective assistance of appellate counsel, it, at best, only establishes that counsel was deficient.  It does not establish a reasonable probability that this court would have reversed and remanded had it reviewed the hearsay issue.  To do that, it is necessary to specify the inadmissible hearsay and to show its prejudice to Thompson.  The application to reopen fails to do this.  Without that argument, this court is left with only speculation which does not establish prejudice.

30

State v. Thompson, 2003 Ohio 4659, 2003 Ohio App. LEXIS 3860, *5-6 (Cuyahoga Cty. App. 2003).

In this case, the Eighth District Court of Appeals correctly identified and properly applied the standard of review as established by the United States Supreme Court in Strickland in evaluating Thompson's ineffective assistance of appellate counsel claim.  In his petition to this Court, Thompson again fails to "specify the inadmissible hearsay and to show its prejudice to [him]."  Id. Therefore,  he cannot demonstrate that the state court's decision was an unreasonable application of clearly established federal law.  As such, Thompson's ineffective assistance of appellate counsel claim under ground four fails on the merits.

## IV. CONCLUSION

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Court **DENIES** Thompson's Petition for Writ of Habeas Corpus.  Further, the Court hereby fully incorporates the Report and Recommendation by reference herein.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal in forma pauperis from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App.P. 22(b).

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley

**KATHLEEN McDONALD O'MALLEY**

**UNITED STATES DISTRICT JUDGE**

**Dated: July 16, 2007**

31